T.C. Summary Opinion 2021-16

UNITED STATES TAX COURT

TRAVIS BRIDGES, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 18999-19S.                    Filed June 29, 2021.

Travis Bridges, pro se.

<u>D'Aun E. Clark</u>, <u>Daniel C. Munce</u>, and <u>Lauren B. Epstein</u>, for respondent.

SUMMARY OPINION

GUY, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions

of section 7463 of the Internal Revenue Code in effect when the petition was

filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by

_____

[1]Unless otherwise indicated, all section references are to the Internal
(continued...)

any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined that petitioner is liable for Federal income tax deficiencies and penalties for the taxable years and in the amounts as follows:

| Year | Deficiency | Penalty sec. 6662(a) |
|------|------------|----------------------|
| 2016 | $11,682 | $2,336 |
| 2017 | 10,032 | 2,006 |

Petitioner invoked the Court's jurisdiction by filing a timely petition for redetermination pursuant to section 6213(a).[2]

After concessions,[3] the issues remaining for decision are whether petitioner is (1) entitled to deductions for certain business expenses (in excess of amounts

---

[1](...continued)
Revenue Code of 1986 (Code), as amended and in effect at all relevant times. All Rule references are to the Tax Court Rules of Practice and Procedure. Dollar amounts are rounded to the nearest dollar.

[2]Petitioner resided in Florida when the petition was filed.

[3]Respondent concedes that petitioner is entitled to deductions for depreciation expenses of $4,228 and $3,603 for 2016 and 2017, respectively, and deductions for "Other" expenses of $1,976 and $925 for 2016 and 2017, respectively. Other adjustments are computational and depend on the resolution of the issues remaining in dispute.

respondent conceded) for the taxable years 2016 and 2017 (years in issue), and (2) liable for accuracy-related penalties under section 6662(a).

## Background

Petitioner is self-employed, and he earns a living producing commercials for radio and television and providing entertainment services as an audio technician and as a musician.

## I.  Petitioner's Tax Returns

Petitioner filed Federal income tax returns for the years in issue and attached Schedules C, Profit or Loss From Business, to those returns reporting gross receipts and expenses attributable to his business activities.

On Schedule C for the taxable year 2016, petitioner reported gross receipts of $76,598, offset by expenses of $67,515, resulting in a net profit of $9,083.  As relevant here, petitioner deducted advertising expenses of $4,750, depreciation and amortization expenses of $12,350, legal and professional expenses of $12,715, and "Other" expenses of $12,700 (comprising bank charges, cell phone expenses, uniforms, reeds/cases/cables costs, software subscription charges, miscellaneous expenses, and collection expenses).

On Schedule C for the taxable year 2017, petitioner reported gross receipts of $84,696, offset by expenses of $73,995, resulting in a net profit of $10,701.  As

relevant here, petitioner deducted advertising expenses of $5,250, depreciation and amortization expenses of $8,000, legal and professional expenses of $14,000, and "Other" expenses of $15,600 (comprising bank charges, cell phone expenses, uniforms, reeds/cases/cables costs, software subscription charges, miscellaneous expenses, and collection expenses).

## II. Supervisory Approval of Penalties and Notice of Deficiency

On March 29, 2019, the revenue agent who examined petitioner's tax returns for the years in issue submitted Form 200, Civil Penalty Approval Form, to his immediate supervisor recommending that section 6662(a) penalties be imposed on petitioner because the examination showed that he had substantially understated his tax liabilities for the years in issue. On April 2, 2019, the revenue agent's immediate supervisor approved and signed the aforementioned Form 200. Thereafter, on July 22, 2019, respondent issued the notice of deficiency to petitioner that led to this action.

## Discussion

## I. Schedule C Deductions

As a general rule, the Commissioner's determination of a taxpayer's liability in a notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is incorrect. Rule 142(a); Welch v. Helvering, 290

U.S. 111, 115 (1933).[4] Deductions are a matter of legislative grace, and the taxpayer generally bears the burden of proving entitlement to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934).

Under section 162(a), a deduction is allowed for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business. A taxpayer must substantiate deductions claimed by keeping and producing adequate records that enable the Commissioner to determine the taxpayer's correct tax liability. Sec. 6001; Hradesky v. Commissioner, 65 T.C. 87, 89-90 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976). A taxpayer claiming a deduction on a Federal income tax return must demonstrate that the deduction is allowable pursuant to a statutory provision and must further substantiate that the expense to which the deduction relates has been paid or incurred. Sec. 6001; Hradesky v. Commissioner, 65 T.C. at 89-90.

When a taxpayer establishes that he or she paid or incurred a deductible expense but fails to establish the amount of the deduction, the Court may sometimes estimate the amount allowable as a deduction. Cohan v.

---

[4]Petitioner does not contend, and the record does not suggest, that the burden of proof should shift to respondent pursuant to sec. 7491(a).

Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930); Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985). There must be sufficient evidence in the record, however, to permit the Court to conclude that a deductible expense was paid or incurred in at least the amount allowed. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

As summarized above, respondent disallowed deductions that petitioner claimed for the years in issue including those for advertising expenses, depreciation and amortization expenses, legal and professional expenses, and "Other" expenses. Petitioner admitted at trial that his recordkeeping left much to be desired and that he was unable to produce invoices, receipts, or similar records to substantiate most of the expenses in question. The Court carefully reviewed the business records that petitioner produced at trial, consisting primarily of PayPal receipts, and did not find adequate substantiation for any expenses in excess of the items respondent conceded. Consequently, respondent's determination to disallow deductions for the expenses remaining in dispute is sustained.

## II. Section 6662(a) Penalties

Section 6662(a) and (b)(2) impose an accuracy-related penalty equal to 20% of the amount of an underpayment of tax required to be shown on a return that is attributable to a substantial understatement of income tax. By definition, an

understatement of income tax means the excess of the amount of the tax required to be shown on the return, over the amount of the tax imposed which is shown on the return, reduced by any rebate.  Sec. 6662(d)(2)(A).  An understatement is substantial in the case of an individual if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000.  Sec. 6662(d)(1)(A).

With respect to a taxpayer's liability for any penalty, section 7491(c) places on the Commissioner the burden of production, thereby requiring the Commissioner to come forward with sufficient evidence indicating that it is appropriate to impose the penalty.  Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001).  The Commissioner's burden of production includes showing that the immediate supervisor of the IRS employee who made the "initial determination" of a penalty (including a section 6662(a) penalty) approved that penalty in compliance with section 6751(b)(1).  Clay v. Commissioner, 152 T.C. 223, 248 (2019), aff'd, 990 F.3d 1296 (11th Cir. 2021); see also Chai v. Commissioner, 851 F.3d 190, 221 (2d Cir. 2017), aff'g in part, rev'g in part T.C. Memo. 2015-42.

Once the Commissioner has met the burden of production, the taxpayer must come forward with persuasive evidence that the penalty is inappropriate

because, for example, he acted with reasonable cause and in good faith. Sec. 6664(c)(1); Higbee v. Commissioner, 116 T.C. at 448-449. The decision as to whether a taxpayer acted with reasonable cause and in good faith is made on a case-by-case basis, taking into account all of the pertinent facts and circumstances.

Respondent has met his initial burden of production. The record shows that the immediate supervisor of the IRS employee who made the "initial determination" to impose the section 6662(a) penalties in dispute approved those penalties in compliance with section 6751(b)(1). See, e.g., Cuthbertson v. Commissioner, T.C. Memo. 2020-9, at *68-*69. Whether the understatements of income tax on petitioner's returns are substantial within the meaning of the Code will be determined when petitioner's tax liabilities for the years in issue are recomputed under Rule 155.

Petitioner did not offer a meaningful defense to the imposition of the accuracy-related penalties at issue. In short, petitioner failed to show that he reasonably attempted to ascertain the correctness of the disallowed deductions or to comply with the provisions of the Code. Accordingly, respondent's determination that petitioner is liable for accuracy-related penalties under section 6662(a) is sustained so long as the computations show a substantial understatement of income tax for each year.

To reflect the foregoing,

Decision will be entered

under Rule 155.